UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **KRISTI ASBURY**, on behalf of herself and others similarly situated, | : : : |
| Plaintiff, | : CASE NO. 1:25-cv-136 : |
| | : JUDGE : |
| v. | : : MAGISTRATE JUDGE |
| **THE CHRIST HOSPITAL, INC. d/b/a THE CHRIST HOSPITAL HEALTH NETWORK**, | : : COLLECTIVE ACTION COMPLAINT : |
| c/o CT Corporation System 4400 Easton Commons Way Suite 125 Columbus, OH 43219, | : **JURY DEMAND ENDORSED** : **HEREON** : : |
| | : |
| Defendant. | : |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Now comes Plaintiff Kristi Asbury ("Named Plaintiff"), by and through undersigned counsel, individually and on behalf of other similarly situated employees, for her Collective Action Complaint against The Christ Hospital, Inc. d/b/a The Christ Hospital Health Network ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.     JURISDICTION AND VENUE**

1.     This action is brought pursuant to the FLSA, and 28 U.S.C. § 1331.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant's headquarters is located in the Southern District of Ohio, Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendant has done substantial business in the Southern District of Ohio.

## II. PARTIES

### Named Plaintiff

3. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

4. At all times relevant herein, Named Plaintiff has been employed by Defendant as an hourly, non-exempt environmental services lead from approximately July 2024 through September 2024 in Liberty Township, Ohio.

5. Named Plaintiff brings this action on behalf of herself and other similarly situated hourly non-exempt employees and has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b). *Consent to be Party Plaintiff*, attached hereto as **Exhibit A**.

### Defendant

6. Defendant is a domestic nonprofit corporation.

7. Defendant constitutes a health network of hospitals and other medical centers that operates over 100 locations throughout the Greater Cincinnati and surrounding tristate area.[1]

---

[1] *About The Christ Hospital Health Network*, THE CHRIST HOSP. HEALTH NETWORK, https://www.thechristhospital.com/about-the-network (last visited March 6, 2025).

8. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff and other similarly situated employees' working conditions. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

9. At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated employees at all locations operated and managed by Defendant where Named Plaintiff and other similarly situated employees worked. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

10. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control their work schedules and work conditions, determine their rate and method of pay, and/or maintain employee records.

11. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees at all of Defendant's locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

12. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

13. Defendant was as an "employer" of its employees at all of its locations as defined herein, and/or for the purposes of the FLSA. Defendant is a single integrated enterprise and/or a joint employer of Named Plaintiff and all other similarly situated employees.

14. Defendant is a joint employer with and/or a single integrated enterprise of several other related facilities, which are all in turn managed by Defendant.

15. Defendant manages and operates the business activities of its facilities, and all of these facilities maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

16. At all relevant times, Defendant, as a hospital network and institution primarily engaged in healthcare, was an enterprise within the meaning of Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A).

17. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B) of the FLSA, 29 U.S.C. § 203(s)(1)(B), because Defendant, as a hospital network, is engaged in the operation of a hospital and an institution primarily engaged in providing healthcare services.

18. At all relevant times, Defendant has had an annual gross volume of sales made, or business done, of not less than $500,000 each year.

19. At all relevant times, Defendant has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce.

20. At all times relevant, Defendant was fully aware of the fact that it was legally required to comply with the federal wage and overtime laws.

### III. FACTS

21. Defendant employed Named Plaintiff and other similarly situated employees as hourly, non-exempt employees.

22. Named Plaintiff and other similarly situated employees worked more than forty (40) hours in one or more workweek(s) or were scheduled to work at least forty (40) hours in one or more workweek(s).

23. During their employment with Defendant, Named Plaintiff and other similarly situated employees were not fully and properly paid for all overtime wages because Defendant required a daily meal break deduction to be taken, generally by deducting a meal break from their recorded time worked, even when Named Plaintiff and other similarly situated employees were unable to take a fully uninterrupted meal break.

24. Defendant required Named Plaintiff and other similarly situated employees to have a daily meal break deducted from their hours worked, usually for thirty (30) minutes.

25. However, Named Plaintiff and other similarly situated employees were often unable to take a meal break, took a shortened meal break, or had their meal break interrupted with substantive job duties.

26. Named Plaintiff and other similarly situated employees were often too busy with work to take a full, uninterrupted 30-minute meal break.

27. A daily meal break deduction was taken from employees' hours worked, regardless of whether Named Plaintiff and other similarly situated employees received an uninterrupted meal break.

28. In fact, Named Plaintiff and other similarly situated employees were explicitly directed to note that they received an uninterrupted meal break when clocking out at the end of their scheduled shift regardless of whether they received an uninterrupted meal break.

29. Named Plaintiff and other similarly situated employees were required to state that they received an uninterrupted meal break, or else management would get in trouble.

30. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

31. Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to precisely calculate damages or it otherwise failed to maintain such documents and information.

32. Upon information and belief, for the three (3) years preceding the filing of this Complaint, Defendant applied the same pay policies and practices to all hourly, non-exempt employees, including Named Plaintiff.

33. Named Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the policies and/or practices described herein.

34. Defendant knew or should have been aware that Named Plaintiff and other similarly situated employees had a daily meal break deduction taken even though they did not receive an uninterrupted meal break.

35. Further, Defendant knew or should have been aware that Named Plaintiff and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be paid overtime for such work, but Defendant willfully elected not to fully compensate its employees during all times relevant.

## IV. FLSA COLLECTIVE ALLEGATIONS

36. Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt employees of Defendant who were paid for at least 40 hours of work in any**

**workweek and had a meal break deduction taken from their compensable hours worked beginning 3 years prior to the filing date of this Complaint and continuing through the final disposition of this case ("FLSA Collective" or the "FLSA Collective Members").**

37. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

38. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to Defendant's companywide payroll policy and practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime at a rate of at least one-and-one-half times (1.5x) their regular rates of pay, as that phrase is defined under the FLSA, for all overtime hours worked. Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

39. The identities of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

40. The net effect of Defendant's policies and practices is that Defendant willfully failed to pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## V. CAUSE OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

41. All of the preceding paragraphs are realleged as if fully rewritten herein.

42. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

43. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

44. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

45. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

46. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek because of Defendant's meal break deduction policies and/or practices described herein.

47. Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

48. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

49. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

50. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

51. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

## VI. **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B. Finding that Defendant failed to keep accurate records, and, as such, Named Plaintiff and the FLSA Collective Members are entitled to prove their hours worked with reasonable estimates;

C. Awarding to Named Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

D. Awarding to Named Plaintiff and the FLSA Collective Members costs and disbursements and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

E.      Awarding to Named Plaintiff and the FLSA Collective Members such other and further relief as the Court deems just and proper;

F.      Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

G.      Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever;

H.      Issuing an order directing Defendant to pay reasonable attorneys' fees and all costs connected with this action; and

I.      Granting such other and further relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (0100041)
Tristan T. Akers (0102298)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
          agedling@mcoffmanlegal.com
          khendren@mcoffmanlegal.com
          takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

<u>/s/ Matthew J.P. Coffman</u><br>
Matthew J.P. Coffman