**UNITED STATES DISTRICT COURT**
**SOTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KRISTI ASBURY, on behalf of herself and others similarly situated, | : | Case No. 1:25-CV-136 |
| | : | |
| Plaintiff, | : | District Judge Jeffrey P. Hopkins |
| | : | |
| vs. | : | |
| | : | |
| THE CHRIST HOSPITAL, INC. D/B/A THE CHRIST HOSPITAL HEALTH NETWORK, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

For its Answer to Plaintiff's Complaint, Defendant The Christ Hospital, Inc. d/b/a The Christ Hospital Health Network ("Defendant") states as follows:

**I.       JURISDICTION AND VENUE**

1.      Defendant admits Plaintiff purports to bring a claim under the Fair Labor Standards Act ("FLSA").  Defendant admits this Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 USC § 1331.  Defendant denies all allegations in Paragraph 1 not expressly admitted herein.

2.      The allegations in Paragraph 2 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant does not dispute that venue is proper. Defendant denies all allegations in Paragraph 2 not expressly admitted herein. Defendant expressly denies that "the events or omission[s] giving rise to the claim" occurred at all.

## II.    PARTIES

**Named Plaintiff**

3.      Defendant is without information sufficient to admit or deny allegations regarding Plaintiff's citizenship or residence and therefore denies same.

4.      Defendant admits it employed Plaintiff as an Environmental Services Technician Lead from July 11, 2024 to September 29, 2024 in Liberty Township, Ohio.  Defendant admits it classified Plaintiff as non-exempt from the overtime provisions of the FLSA.  Defendant denies all allegations in Paragraph 4 not expressly admitted herein.

5.      Defendant admits Plaintiff purports to bring a collective action pursuant to the FLSA.  Defendant admits Exhibit A to the Complaint is a document titled "Consent to Join" that purports to be signed by Plaintiff.  Defendant denies all allegations in Paragraph 5 not expressly admitted herein.  Defendant expressly denies that collective treatment is warranted or appropriate.

**Defendant**

6.      Defendant admits it is a non-profit corporation organized under the laws of the State of Ohio.

7.      Defendant admits it operates medical facilities in Greater Cincinnati and that it serves patients at over 100 locations.  Defendant denies all allegations in Paragraph 7 not expressly admitted herein.

8.      The allegations in Paragraph 8 state a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant admits that it employed Plaintiff from July 11, 2024 to September 29, 2024.  Defendant denies all allegations in Paragraph 8 not expressly admitted herein.

9. The allegations in Paragraph 9 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant admits that it employed Plaintiff from July 11, 2024 to September 29, 2024. Defendant denies all allegations in Paragraph 9 not expressly admitted herein.

10. The allegations in Paragraph 10 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant admits that it employs employees. Defendant denies all allegations in Paragraph 10 not expressly admitted herein.

11. The allegations in Paragraph 11 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 11.

12. The allegations in Paragraph 12 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant admits that it employed Plaintiff from July 11, 2024 to September 29, 2024. Defendant denies all allegations in Paragraph 12 not expressly admitted herein.

13. The allegations in Paragraph 13 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant admits that it employed Plaintiff from July 11, 2024 to September 29, 2024. Defendant denies all allegations in Paragraph 13 not expressly admitted herein.

14. The allegations in Paragraph 14 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant admits it operates multiple facilities. Defendant denies all allegations in Paragraph 14 not expressly admitted herein.

15.     The allegations in Paragraph 15 state a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant admits it manages and operates multiple facilities.  Defendant denies all allegations in Paragraph 15 not expressly admitted herein.

16.     The allegations in Paragraph 16 state a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant admits it is a non-profit corporation engaged in healthcare.  Defendant denies all allegations in Paragraph 16 not expressly admitted herein.

17.     The allegations in Paragraph 17 state a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant admits it is a non-profit corporation primarily engaged in providing healthcare services.  Defendant denies all allegations in Paragraph 17 not expressly admitted herein.

18.     Defendant admits the allegations in Paragraph 18.

19.     The allegations in Paragraph 19 state a legal conclusion to which no response is required.  To the extent a response is deemed necessary, defendant admits it employs employees who are engaged in commerce.  Defendant denies all allegations in Paragraph 19 not expressly admitted herein.

20.     Defendant admits that it is aware of, and complies, with the FLSA.

### III.     FACTS

21.     Defendant admits that it employed Plaintiff from July 11, 2024 to September 29, 2024, that it paid Plaintiff on an hourly basis, and that it classified Plaintiff as non-exempt from the FLSA.  Defendant denies all allegations in Paragraph 21 not expressly admitted herein.

4

22. Defendant admits that Plaintiff worked more than forty hours in one or more workweeks during her employment with Defendant. Defendant denies all allegations in Paragraph 22 not expressly admitted herein.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant admits that it automatically deducted 30 minutes of time from Plaintiff's working hours for a meal break, that Plaintiff was asked each shift to confirm whether or not she received a meal break, and that Plaintiff could have canceled the automatic deduction by informing Defendant that she did not take an uninterrupted meal break. Defendant denies all allegations in Paragraph 24 not expressly admitted herein.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant admits it maintains records of Plaintiff's wages and hours worked. Defendant denies all allegations in Paragraph 31 not expressly admitted herein.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

## IV.  FLSA COLLECTIVE ALLEGATIONS

36.     Defendant admits Plaintiff purports to bring an FLSA collective action on behalf of the defined collective.  Defendant denies that collective treatment is warranted or appropriate, and denies all allegations in Paragraph 36 not expressly admitted herein.

37.     Defendant admits Plaintiff purports to bring an FLSA collective action.  Defendant denies that collective treatment is warranted or appropriate and denies all allegations in Paragraph 37 not expressly admitted herein.

38.     Defendant denies the allegations in Paragraph 38.

39.     Defendant admits it maintains records of its employees, their hours worked, and their wages.  Defendant denies all allegations in Paragraph 39 not expressly admitted herein.

40.     Defendant denies the allegations in Paragraph 40.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION:

### FLSA- COLLECTIVE ACTION FOR UNPAID OVERTIME

41.     Defendant incorporates all prior paragraphs of this Answer as if fully restated herein.

42.     Defendant admits Plaintiff purports to bring a collective action pursuant to the FLSA.  Defendant denies all allegations in Paragraph 42 not expressly admitted herein.

43.     The allegations in Paragraph 43 state a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 43 as an incomplete and thus inaccurate recitation of 29 U.S.C. § 207(a)(1).

44.     Defendant admits that it employed Plaintiff from July 11, 2024 to September 29, 2024.  Defendant admits that it employed the FLSA Collective Members based on the definition

in Paragraph 36 of the Complaint, which defines the FLSA collective as consisting of "current and former hourly, non-exempt <u>employees of defendant</u> who were paid for at least 40 hours of work in any workweek and had a meal break deduction taken from their compensable hours worked beginning 3 years prior to the filing date of this Complaint and continuing through the final disposition of this case." (Emphasis added).  Defendant denies all allegations in Paragraph 44 not expressly admitted herein.

45.     Defendant denies the allegations in Paragraph 45.

46.     Defendant denies the allegations in Paragraph 46.

47.     Defendant denies the allegations in Paragraph 47.

48.     Defendant admits that it classified Plaintiff as non-exempt from the overtime provisions of the FLSA.  Defendant admits it classified the FLSA Collective Members as non-exempt from the overtime provisions of the FLSA based on the definition in Paragraph 36 of the Complaint, which defines the FLSA collective as consisting of "current and former hourly, <u>non-exempt employees of defendant</u> who were paid for at least 40 hours of work in any workweek and had a meal break deduction taken from their compensable hours worked beginning 3 years prior to the filing date of this Complaint and continuing through the final disposition of this case." (Emphasis added).  Defendant denies all allegations in Paragraph 48 not expressly admitted herein.

49.     Defendant admits that it is aware of, and that it complies with, the FLSA. Defendant denies all allegations in Paragraph 49 not expressly admitted herein.

50.     Defendant admits it maintains records of its employees, their hours worked, and their wages.  Defendant denies all allegations in Paragraph 50 not expressly admitted herein.

51.     Defendant denies all allegations in Paragraph 51.

52.     Defendant denies all allegations in Plaintiff's Prayer for Relief, inclusive of all subparts.

53.     Defendant denies all allegations in Plaintiff's complaint not expressly admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

54.     Plaintiff's Complaint fails to state a claim upon which relief can be granted, and her complaint must therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

55.     Plaintiff's claims are barred by the applicable statute of limitations.

56.     Plaintiff was paid all compensation owed.

57.     Plaintiff's claims are barred by the doctrines of release, waiver, accord, and satisfaction.

58.     Defendant acted at all times on the basis of good faith and a reasonable belief that it had complied fully with wage and hour laws.  Defendant's conduct was not willful within the meaning of the FLSA.  Defendant did not act with knowing or reckless disregard for Plaintiff's (or collective members') rights.

59.     Plaintiff's damages are speculative and thus unavailable as a matter of law.

60.     Compensatory damages, liquidated damages, punitive damages, and/or attorneys' fees are not available for some or all of the causes asserted.

61.     The Complaint, and each cause of action thereof, is barred because Plaintiff failed to notify Defendant of the alleged violations at the time they allegedly occurred, which prevented Defendant from taking any action to remedy such alleged violations.

62.     Plaintiff is not similarly situated to the members of the putative collective.

63.     Collective treatment under 29 U.S.C. § 216(b) is inappropriate.  Defendant pleads and relies upon all defenses, express or implied, contained in 29 U.S.C. § 216.

64.     Defendant relies on all defenses, express or implied, contained in the Fair Labor Standards Act and all precedent interpreting same.

65.     Plaintiff's claims are barred because Defendant did not have actual or constructive knowledge of Plaintiff's alleged off-the-clock work.

66.     Plaintiff's claims are barred because Defendant provided reasonable means and opportunity for Plaintiff to report her working hours, and if she worked off-the-clock as she alleges, it is because Plaintiff voluntarily chose to not report her working time.

67.     Plaintiff has suffered no damage as a result of the conduct of Defendant.  Any alleged damages suffered by Plaintiff are the result of her own conduct or omissions or of the conduct or omissions of third parties.

68.     Defendant reserves the right to assert additional defenses and affirmative defenses as they may become available or apparent during the course of this litigation.

Dated:  May 5, 2025

/s/ Jeremy D. Smith
Jeremy D. Smith (OH 0088539)
Michael B. Mattingly (OH 0089847)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio  45202
(513) 977-8200 PH
(513) 977-8141 FAX
jeremy.smith@dinsmore.com
michael.mattingly@dinsmore.com

*Attorneys for Defendant, The Christ Hospital*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing pleading was filed via the Court's CM/ECF system on May 5, 2025, which will serve a copy to all counsel of record.

*/s/ Jeremy D. Smith*
Jeremy D. Smith (OH 0088539)